UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FOTOHAUS, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>PROFORMA, INC., et al.,<br><br>        Defendants. | Case No. 18-cv-01827-BLF<br><br>**ORDER GRANTING FOTOHAUS'S MOTION TO DISMISS COUNTERCLAIM WITH PREJUDICE**<br><br>[Re: ECF 28] |

Before the Court is Plaintiff Fotohaus, LLC's ("Fotohaus") motion to dismiss Defendant PFG Ventures, L.P.'s ("Proforma") counterclaim for intentional interference with contractual relations. Mot., ECF 28. The Court held a hearing on the motion on March 21, 2019. As discussed below and as stated on the record at the hearing, because this counterclaim is barred by the California litigation privilege, the motion is GRANTED WITH PREJUDICE.

**I. BACKGROUND[1]**

Fotohaus owns the copyright to the photograph entitled "Typing on a Laptop," which was created by Daniel Foster, Fotohaus's sole member and manager. Compl. ¶¶ 2, 34, 37. Sometime after August 31, 2014, Proforma and many of its franchisees (also defendants here),[2] began

---

[1] Each parties' well-pled factual allegations are accepted as true for purposes of the motion to dismiss. *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

[2] The Defendant Franchisees are Proforma Solutions For Printing & Promotions/Becky Diltz; Proforma Meyer & Associates LLC; Graphic Printsource, Inc.; Proforma Premier Marketing; Proforma Albrecht & Co./Bob Sanzenbacher; Kay Enterprises; Proforma 360 Branding/JKNA Ventures LLC; Direct Effect Solutions, LLC d/b/a Proforma Direct Effect; Surf City Promo, LLC; Professional Business Communication Solutions Inc. d/b/a Proforma Solutions; The Proforma Group Inc. d/b/a Proforma Hi-Rez; Wine Country Dry Goods LLC, d/b/a Proforma Wine Country; Print & Promotional Solutions, Inc. d/b/a Proforma SoCal; Proforma J.C.L. Print Associates, Inc.; Proforma Salant Marketing Group/Joslin Salant; Proforma Marketing Solutions/Brian Thomas; Pepper Promotions, Inc., d/b/a/ Proforma Pepper Promotions; Pacific Print and Promotions, LLC, d/b/a/ Proforma Pacific Graphics; Buscom Inc. d/b/a Proforma 24/7; Proforma Printing

displaying Typing on a Laptop allegedly on their websites. *Id.* ¶ 38, Ex. A. Proforma provided a website template to the Franchisees that incorporated Typing on a Laptop, and the Franchisees then used the template on their websites. *Id.* ¶¶ 38–44. Based on these actions, Fotohaus filed the instant suit on March 23, 2018, bringing the following causes of action: (1) Copyright Infringement (17 U.S.C. § 501(b)) (against Proforma and the Franchisees); (2) Contributory Copyright Infringement (17 U.S.C. § 501(b)) (against Proforma); (3) Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1202(b)) (against Proforma). *Id.* ¶¶ 47–56. Proforma first received notice of its alleged infringement in a cease and desist letter from Fotohaus's counsel dated March 26, 2018, three days after the filing of the Complaint. *Id.* ¶ 59.

On October 8, 2018, Defendants answered the Complaint. Proforma filed a counterclaim against Fotohaus for intentional interference with contractual relations, for interference in Proforma's contractual relations with its Franchisees. *See* Ans. at 21, ECF 27. Specifically, Proforma alleges that the photograph appeared only on the Proforma.com website, over which only it, and not the Franchisees, had control. Ans. ¶¶ 21–27. As such, the Franchisees had no role in the use or display of the photograph in any way. *Id.* ¶¶ 28–32. Proforma claims that Fotohaus knew that the Franchisees did not have control over the Proforma.com website, and that Fotohaus "named the Franchisees as defendants in the lawsuit without a good faith basis to believe that any Franchisee had possession or control over the Photograph or played any role in displaying the Photograph on Proforma.com." *Id.* ¶ 41. Despite lacking a good faith basis for believing the Franchisees played any role in the allegedly infringing conduct, Fotohaus "persists in the pursuit of its claims against the Franchisees." *Id.* ¶ 42. As a result, Fotohaus has intentionally interfered with Proforma's contractual relations with its Franchisees "[b]y bringing and maintaining a claim against the Franchisees for Copyright infringement despite knowing that the purported infringement occurred only at Proforma's Proforma.com website rather than at websites owned or controlled by the Franchisees." *Id.* ¶ 46.

---

Plus/Patricia O'Neill; The MacKinnon Group, Inc.; Proforma One Marketing/Mike Goebel; Proforma Express Graphics/David Anderson; Teamworkx LLC, d/b/a/ Teamworkx powered by Proforma; Proforma Apollo Group/Warren Kramer; Proforma/Janet Ancheta; Proforma Color Press / David Schmaeling. Compl. at 2.

Fotohaus filed a motion to dismiss the counterclaim on October 29, 2018. ECF 28.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

3

## III. DISCUSSION

Fotohaus argues that the Court should dismiss Proforma's counterclaim because it is barred by the California litigation privilege and the Noerr-Pennington Doctrine and because Proforma has failed to plausibly allege a claim for intentional interference with contractual relations ("IICR"). Because the Court agrees that the counterclaim is barred by California's litigation privilege, it does not address the other grounds for the motion.

California Civil Code § 47(b) states that "[a] privileged publication . . . is one made . . . in any . . . judicial proceeding." Under this law, "communications made in or related to judicial proceedings are absolutely immune from tort liability." *Ingrid & Isabel, LLC v. Baby Be Mine, LLC*, 70 F. Supp. 3d 1105, 1140 (N.D. Cal. 2014). Courts apply the privilege to all torts except malicious prosecution, including IICR claims. *Id.*; *cf. Visto Corp. v. Sproqit Tech.*, 360 F. Supp. 2d 1064, 1070 (N.D. Cal. 2005) (intentional interference with prospective economic advantage). The privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Baby Be Mine*, 70 F. Supp. 3d at 1140 (quoting *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990)). "Pleadings . . . in a case are generally viewed as privileged communications," particularly where they are in the form of a claim that "furthers a litigant's interest in a case." *Navellier v. Sletten*, 106 Cal. App. 4th 763, 771 (2003). The privilege even applies to prelitigation communications, so long as they are made "in good faith and actual contemplation of litigation." *Visto*, 360 F. Supp. 2d at 1070; *accord Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1380 (1999).

Fotohaus argues that the privilege bars Proforma's counterclaim because the "act that forms the basis for Defendants' counterclaim here is Fotohaus's filing of a copyright infringement action against the Franchisees," which is unquestionably protected. Mot. at 3–4. Proforma counters that "Fotohaus lacks any basis grounded in good faith for its allegation that its copyrighted photo was published on a website owned by any Franchisee Defendant," despite Fotohaus having seven months to investigate the website's ownership. Opp. at 2–4, ECF 32. Proforma argues that "at the time of the March 26, 2018 letter to Proforma" notifying it of the

1    lawsuit, Fotohaus did not have a good faith basis to believe the Franchisees owned or controlled
2    the allegedly infringing websites, as demonstrated in Exhibit A to the Complaint, which shows
3    that all photos were posted on the Proforma.com website. Opp. at 7–8 (citing Compl., Ex. A, ECF
4    1-1).

The Court finds that Proforma's counterclaim is barred by the litigation privilege. The only actions Proforma points to as intentionally interfering with its contractual relations are Fotohaus's filing of the lawsuit and the cease and desist letter, which Fotohaus sent three days *after* filing the lawsuit. The privilege undoubtedly applies to these two communications. *See Baby Be Mine*, 70 F. Supp. 3d at 1140; *Navellier*, 106 Cal. App. 4th at 771.

Proforma's arguments to the contrary are unavailing. Try as it might to argue that its counterclaim is not based on Fotohaus's bringing suit against the Franchisees, it is clear from the Answer and Proforma's opposition to the instant motion that this is exactly the basis on which it brings its counterclaim. *See, e.g.*, Ans. ¶ 42 (alleging Fotohaus wrongfully "persists in the pursuit of its claims against the Franchisees"); Ans. ¶ 46 (arguing Fotohaus is liable for "bringing and maintaining a claim against the Franchisees for Copyright infringement despite knowing" the Franchisees played no role in the alleged actions); Opp. at 11 ("As predominantly small business owners, the Franchisees' businesses are harmed by a lawsuit solely arising from the publication of a photo on Proforma's website."); Opp. at 11 ("Moreover, the filing of a lawsuit against the Franchisees unfairly strains the business relationship and goodwill . . .").

And to the extent it claims that Fotohaus's cease and desist letter is the basis for the counterclaim, this too is protected because it was in connection to judicial proceedings by litigants for the purpose of achieving the objects of the litigation. *Baby Be Mine*, 70 F. Supp. 3d at 1140. Proforma's citations to cases involving prelitigation communications are inapposite because the cease and desist letter was sent *after* the litigation was filed, and thus was necessarily in good faith contemplation of litigation. *Cf. Visto*, 360 F. Supp. 2d at 1072–73. Otherwise, whether Fotohaus actually believed it could win on its claim against the Franchisees—that is, whether it brought the claim itself in good faith—plays no role in the Court's analysis of whether the litigation privilege applies. *See Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, No. 11-CV-2243-CW, 2012 WL

3877783, at *12 (N.D. Cal. Sept. 6, 2012) ("[T]he presence or absence of malice or good or bad faith is irrelevant to the inquiry whether the litigation privilege is applicable.") (quoting *Mansell v. Otto*, 108 Cal.App.4th 265, 279 n.47 (2003)); *see also Visto*, 360 F. Supp. 2d at 1072–73.

Because Proforma has not, and seemingly cannot, point to other "threatening" actions by Fotohaus that intentionally interfered with its contractual relations with its Franchisees that are not barred by the litigation privilege, any amendment here would be futile.

## IV. ORDER

For the foregoing reasons, as well as those stated on the record at the hearing on the motion, Fotohaus's motion to dismiss is GRANTED WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: April 4, 2019

_____
BETH LABSON FREEMAN
United States District Judge